UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:05-CR-51 RM |
| | ) | |
| JAMES ALLEN NICHOLS(01) | ) | |

OPINION AND ORDER

This case originally was assigned to Judge Lozano. During that time, Magistrate Judge Andrew Rodovich assigned the case a June 28 trial date. Judge Lozano recused himself, and the case was reassigned to Judge Moody, who also recused himself. The case was then reassigned to the undersigned judge, who is unavailable to conduct a trial on June 28. Accordingly, the court conducted a scheduling conference on May 11.

Counsel for the government drew the court's attention to 18 U.S.C. § 3509(j), which provides,

> In a proceeding in which a child is called to give testimony, on motion by the attorney for the Government or a guardian ad litem, or on its own motion, the court may designate the case as being of special public importance. In cases so designated, the court shall, consistent with these rules, expedite the proceeding and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process. When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being. The court shall make written findings of fact and conclusions of law when granting a continuance in cases involving a child.

Whether today's hearing constituted the granting of a continuance within the meaning of § 3509(j) is uncertain, since neither party requested a continuance. Nonetheless, the court enters this written memorandum in the spirit of the last sentence of the statute.

While the government called the court's attention to § 3509 and asked that the court reschedule the trial with the statute in mind, the government did not ask the court to designate the case as one of special public importance. Further, § 3509 does not, of its own terms, indicate whether it incorporates

18 U.S.C. § 3161 into its meaning of "speedy trial." When the trial's rescheduling was addressed at the conference, the court and counsel understood July 24 (effectively, Monday, July 25) to be the deadline within the meaning of the Speedy Trial Act. The judge to whom the case is now assigned is scheduled to sit outside the district that week with the Judicial Panel on Multi-District Litigation, so the court began by offering trial settings in the other weeks in July (the parties estimate a trial of five to seven days in length) that the judge is available, and found that defense counsel already is scheduled for three trials each in other courts on July 11 and 18.

The court gives this case priority over all other settings on its own calendar, but was not ready to disrupt other courts' calendars, so the court inquired into the potential settings in June and found that defense counsel already is scheduled for anywhere from one to three trials each on June 6, 13, and 20. Finding itself unable to schedule the trial within the July 25 confines, the court turned to August and found that the first reasonable setting would be August 15. The court assigned that trial date — August 15 — to the case and indicated that the court does not anticipate rescheduling the trial. The court had no specific information to consider concerning the age of the child witness or any potential adverse impact the delay (outside the ordinary in a case with a child witness) might have on the child's well-being.

Before the scheduling conference ended, the court extended by fifteen days the time by which motions were to be filed. Even with that order, the August 15 trial date lies slightly outside the deadline set by the Speedy Trial Act. The court finds that under the unique circumstances of this case — two recusals followed by reassignment to a judge unable to honor a trial date set some four weeks ago, an inability to set an earlier date without threatening the continuity or preparation of defense counsel, and the availability of a very firm trial date only a few days after the deadline — the interests of justice

outweigh the interests of the public, the defendant, and the child witness in a speedy trial within the meaning of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(8).

    SO ORDERED.

    ENTERED:   May 11, 2005

    /s/ Robert L. Miller, Jr.
    Chief Judge
    United States District Court

cc:    P. Benson, D. Hollar
       N. Thiros, J. Thiros